IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-62-D

| | |
|---|---|
| NORTH AMERICAN SPECIALITY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED BUILDERS GROUP, LLC, )<br>J.E. DILLAHUNT & ASSOCIATES, INC., )<br>JIMMY E. DILLAHUNT, a/k/a )<br>JIMMY E. DILLAHUNT, SR., and )<br>JANIE B. DILLAHUNT, )<br>)<br>Defendants, )<br>)<br>v. )<br>)<br>JAMES DILLAHUNT, JR., CADET )<br>CONSTRUCTION COMPANY, INC., )<br>and ENEMOS, INC., )<br>)<br>Third-Party Defendants. ) | **ORDER** |

On February 2, 2017, North American Speciality Insurance Company ("NAS" or "plaintiff") filed a complaint seeking damages and equitable relief against United Builders Group ("UBG"), J.E. Dillahunt & Associates, Inc. ("JED"), James E. Dillahunt, Sr. ("Senior"), and Janie B. Dillahunt (collectively, "defendants") in connection with a dispute arising out of a surety bond indemnification agreement [D.E. 1]. On June 20, 2017, JED, Senior, and Janie B. Dillahunt (now deceased) (collectively, "the Senior parties") answered the complaint, filed a counterclaim against NAS, filed a crossclaim against UBG, and filed a third-party complaint against James E. Dillahunt Jr. ("Junior"), Cadet Construction Company, Inc. ("Cadet"), and Enemenos, Inc. ("Enemenos") (collectively, "the

Junior parties") [D.E. 24]. On July 6, 2017, UBG answered the complaint [D.E. 31]. On July 7, 2017, NAS answered the counterclaim [D.E. 32]. On July 10, 2017, NAS filed a corrected answer to the counterclaim [D.E. 33]. On August 21, 2017, UBG and the Junior parties moved to dismiss the crossclaim and third-party complaint for failure to state a claim [D.E. 37], and filed a memorandum in support [D.E. 38]. On October 10, 2017, the Senior parties moved to amend the crossclaim and third-party complaint [D.E. 44], and filed a memorandum in support [D.E. 45]. On November 9, 2017, this court granted the Senior parties' motion to amend, and dismissed the motion to dismiss as moot [D.E. 48]. On November 20, 2017, UBG and the Junior parties again moved to dismiss for failure to state a claim, reasserting the original motion to dismiss [D.E. 49]. See [D.E. 37, 38]. On December 11, 2017, the Senior parties responded in opposition. On December 26, 2017, UBG and the Junior parties replied [D.E. 51]. In that reply, UBG and the Junior parties asserted that the Senior parties had failed to amend their pleadings in accordance with this court's order of November 9, 2017. See [D.E. 51] 1–2. On December 29, 2017, the Senior parties asked the court to clarify its order granting leave to amend the crossclaim and third-party complaint and permit the amended crossclaim and third-party complaint to be deemed filed and to be the operative pleading [D.E. 53]. See [D.E. 48]. On January 5, 2018, the Junior parties responded in opposition [D.E. 54]. As explained below, the court grants the motion to clarify and grants in part and denies in part the motion to dismiss.

I.

NAS issues surety bonds for construction projects in North Carolina. See Compl. ¶ 9. NAS alleges that UBG and the Senior parties are liable to it under an Indemnity Agreement executed between NAS, UBG, Senior, and Janice Dillahunt in which UBG and the Senior parties agreed to indemnify NAS for surety bond payments it made on deficient work performed (or not performed)

2

by UBG. See id. ¶¶ 20–37. UBG is a general contractor and obtained NAS surety bonds for its construction projects. See id. ¶¶ 10–11. James Dillahunt, Sr. founded and ran UBG from 2001 to 2008, when his son James Dillahunt, Jr. became majority shareholder. See [D.E. 38] 3. UBG is a North Carolina limited liability corporation with three members: Senior, Junior, and Tonya Dillahunt (the daughter of James Dillahunt, Sr. and sister of James Dillahunt, Jr.). See [D.E. 44] ¶¶ 3–4. JED is a North Carolina corporation that Senior owns. See id. ¶ 2.

To procure the required surety bond from NAS, UBG, Senior, his wife, Janie B. Dillahunt, and JED agreed to indemnify NAS for losses it sustained under these bonds. See Compl. ¶¶ 11–12; [D.E. 1-2]. NAS alleges that it issued eight surety bonds to UBG in reliance on the Indemnity Agreement and that it has "paid numerous claims against the[se] [b]onds". See Compl. ¶¶ 15–16. In February 2014, NAS and UBG entered into a "Funds Control Agreement" ("FCA") designed to "provide a structure for UBG's partial performance under the Indemnity Agreement." Compl. ¶ 17; see [D.E. 1-4]. On March 4, 2014, NAS demanded indemnity from UBG under the Indemnity Agreement and demanded that defendants deposit $1,300,000.00 as collateral with NAS. See Compl. ¶ 18; [D.E. 1-6]. NAS asks this court to require UBG to deposit $1,300,000.00 as collateral security, and to find that defendants breached the Indemnity Agreement and award actual damages stemming from this breach. See Compl. ¶¶ 20–36.

The Senior parties filed a crossclaim against UBG for contribution and indemnification for "any and all amounts awarded, collected[,] or recovered from them as a result of any liability established upon any legal bonds issued to UBG." [D.E. 44] ¶ 23. The Senior parties also filed a crossclaim for unjust enrichment against UBG. See id. ¶¶ 27–30.

Third-party defendant James Dillahunt, Jr. is the majority owner of UBG. [D.E. 38] 3. Third-party defendants Cadet and Enemenos are North Carolina corporations that Junior established in

3

November 2013. See [D.E. 44] ¶¶ 43–44. The Senior parties allege (1) that these companies are Junior's alter egos; (2) that these companies engage in "substantially the same business as UBG and operate out of the same office as UBG;" and (3) that Junior has used his power as majority shareholder of UBG to divert business, funds, and equipment to Cadet and Enemenos without compensating UBG. See id. ¶¶ 45–48. The Senior parties allege that Junior diverted funds subject to the FCA for UBG's repayment under the Indemnity Agreement into Cadet or Enemenos. See id. ¶¶ 49–55. The Senior parties allege that Junior, Cadet, and Enemenos "have jointly taken and pilfered the assets of UBG[,] . . . have acted in concert[,] and have engaged in a conspiracy to divert the assets and monies of Senior and UBG to their own use." Id. ¶ 80.

Senior filed a derivative action on behalf of UBG in North Carolina Superior Court. See id. ¶ 60. This litigation has yielded an accounting, and the accounting indicates "that Junior has transferred thousands of dollars that belonged to Senior and UBG to himself personally, Enemenos, and Cadet." Id. ¶ 66.

The Senior parties' third-party complaint against the Junior parties includes claims for breach of contract, contribution and indemnification, civil conspiracy, tortious interference with contract, and unjust enrichment. See id. ¶¶ 95–120. The Senior parties seek compensatory and punitive damages.

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts

4

and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge" the claims beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 570.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

This court has subject-matter jurisdiction based on diversity jurisdiction. Thus, the court applies state substantive principles and federal procedural rules. See Erie R.R. v. Tompkins, 304 U.S. 64, 78–80 (1938); Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002).

A.

The Senior parties contend that Senior and JED are entitled to indemnification and contribution from UBG under UBG's Operating Agreement and the North Carolina Limited Liability Act. See [D.E. 44] ¶¶ 22–26. UBG and the Junior parties respond that the Senior parties have not

5

plausibly alleged an express contractual right to indemnification and contribution. See [D.E. 38] 11; [D.E. 51] 2–3.

Under North Carolina law, indemnification can arise in three ways: (1) by an express contract; (2) by a contract implied-in-fact; or (3) by a contract implied-in-law. See Kaleel Builders, Inc. v. Ashby, 161 N.C. App. 34, 38, 587 S.E.2d 470, 474 (2003). The UBG operating agreement requires UBG to indemnify its Members "in connection with their services as Managers of the Company." [D.E. 44] ¶ 9. This provision plausibly suggests that Senior is entitled to indemnification from UBG. Thus, the court denies UBG's motion to dismiss the Senior parties' crossclaim for indemnification against UBG.

As for the crossclaim for contribution against UBG, contribution is a statutory right among joint tortfeasors and is not available for breach of contract. See N.C. Gen. Stat. § 1B-1; Kaleel, 161 N.C. App. at 43, 587 S.E.2d at 477. The Senior parties allege tort claims against the Junior Parties and UBG in the third-party complaint, but do not allege in the crossclaim that they are joint tortfeasors with UBG. See [D.E. 44] ¶¶ 27–30. Accordingly, the court dismisses without prejudice the Senior parties' crossclaim for contribution against UBG.

The Senior parties also filed a crossclaim against UBG for unjust enrichment. The Senior parties allege that Senior, JED, and Janie Dillahunt signed the Indemnity Agreement with NAS for the benefit of UBG without compensation. See [D.E. 44] ¶¶ 27–30. UBG argues that the Senior parties "cannot maintain an unjust enrichment claim against UBG because UBG [and the Senior parties] are all parties to the Indemnity Agreement with [NAS]." [D.E. 51] 3.

In North Carolina, to recover on an unjust enrichment claim, plaintiff must prove (1) that it conferred a benefit on another party; (2) that the other party consciously accepted the benefit; and (3) that the benefit was not conferred gratuitously or by an interference in the affairs of the

6

other party. See Booe v. Shadrick, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988); Se. Shelter Corp. v. BTU, Inc., 154 N.C. App. 321, 330, 572 S.E.2d 200, 206 (2002); Duo-Fast Carolinas, Inc. v. Scott's Hill Hardware & Supply Co., No. 16 CVS 9343, 2018 WL 264607, at *12 (N.C. Super. Jan. 2, 2018) (unpublished).

The Senior parties have plausibly alleged that, by executing the Indemnity Agreement, they conferred a benefit on UBG, that UBG accepted the benefit, and that the benefit was not gratuitous. Moreover, although "an express contract precludes an implied contract with reference to the same matter," the Indemnity Agreement with NAS is not "the same matter" as to what the Senior parties expected to receive for entering the Indemnity Agreement. See Vetco Concrete Co. v. Troy Lumber Co., 256 N.C. 709, 713, 124 S.E.2d 905, 908 (1962). Accordingly, the court denies UBG's motion to dismiss the Senior parties' crossclaim for unjust enrichment.

B.

The Senior parties filed a third-party complaint against the Junior parties alleging claims for breach of contract, contribution and indemnification, civil conspiracy, tortious interference with contract, and unjust enrichment. See [D.E. 44] ¶¶ 95–120. The Senior parties allege that Cadet and Enemenos are Junior's alter egos and that Junior used these companies to siphon resources from UBG. See id. ¶¶ 43–53.

In the breach of contract claim in the third-party complaint, the Senior parties allege that the Junior parties acted together to breach the FCA. See id. ¶¶ 96–104. The Junior parties move to dismiss the breach of contract claim in the third-party complaint because the Junior parties are not parties to the FCA. See [D.E. 38] 5–6; [D.E. 51] 3.

A valid contract between the parties must exist to prove breach of contract. See Carcano v. JBSS, LLC, 200 N.C. App. 162, 168, 684 S.E.2d 41, 47–48 (2009). The Junior parties are not parties

7

to the FCA and cannot be liable for breaching that contract. See Canady v. Mann, 107 N.C. App. 252, 419 S.E.2d 597, 601 (1992). Thus, the court grants the motion to dismiss the breach of contract claim against the Junior parties in the third-party complaint and dismisses the claim without prejudice. As for the remaining claims in the third-party complaint, the court has reviewed the claims under the governing standard. The court concludes that the remaining claims in the third-party complaint plausibly state claims for relief and denies the motion to dismiss.

III.

In sum, the court GRANTS in part and DENIES in part the motion to dismiss [D.E. 49]. With respect to the crossclaim, the court DISMISSES without prejudice the crossclaim for contribution against UBG, but the crossclaim for indemnity and unjust enrichment against UBG survive. With respect to the third-party complaint, the court DISMISSES without prejudice the claim for breach of contract of the FCA, but the remaining claims in the third-party complaint survive. The court GRANTS the motion for clarification [D.E. 53] and the amended crossclaim and third-party complaint [D.E. 45-1] is DEEMED filed today and will be the operative pleading of the Senior parties.

SO ORDERED. This 20 day of August 2018.

JAMES C. DEVER III
Chief United States District Judge

8